**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| IMMER RIOS<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>JORGE RIOS<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>JILBERTO RIOS<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>      Plaintiffs,<br><br>v.<br><br>POTOMAC RESTAURANT GROUP, INC.<br>d/b/a RENATO'S AT RIVER FALLS<br>4711 Oxford Street<br>P.O. Box 376<br>Garrett Park, MD 20896<br>(Montgomery County)<br><br>ASHLEY JEANNE GROLIG<br>4711 Oxford Street<br>Garrett Park, MD 20896<br>(Montgomery County)<br><br>ENZO Z. IACHETTI<br>20676 Rainsboro Drive<br>Ashburn, VA 20147<br>ard<br>MICHAEL ANGELO COLELLA<br>4711 Oxford Street<br>Garrett Park, MD 20896<br>(Montgomery County)<br><br>      Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT** |

## COMPLAINT

1.      For decades, Plaintiffs worked at the Potomac restaurant "Renato's at River Falls." Despite helping Defendants build their restaurant business through years of loyal service, Defendants did not pay Plaintiffs minimum and overtime wages. Defendants also failed to pay two of the Plaintiffs for their final week of work.

2.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

### Parties

5.      Plaintiff Immer Rios is an adult resident of Montgomery County, Maryland.

6.      Plaintiff Jorge Rios is an adult resident of Montgomery County, Maryland.

7.      Plaintiff Jilberto Rios is an adult resident of Montgomery County, Maryland.

8.      Defendant Potomac Restaurant Group, Inc. is a Maryland corporate entity. It does business as Renato's at River Falls. Its principal place of business is located at 4711 Oxford Street,

P.O. Box 376, Garrett Park, MD 20896. Its resident agent for service of process is Ashley Grolig, 4711 Oxford Street, P.O. Box 376, Garrett Park, MD 20896.

9.      Defendant Ashley Jeanne Grolig is an adult resident of Maryland. She resides at 4711 Oxford Street, Garrett Park, MD 20896. She is an owner and officer of Defendant Potomac Restaurant Group, Inc. She exercises control over the operations of Potomac Restaurant Group, Inc. — including its pay practices.

10.      Upon information and belief, Defendant Ashley Jeanne Grolig is the President of Defendant Potomac Restaurant Group, Inc.

11.      Defendant Michael Angelo Colella is an adult resident of Maryland. He resides at 4711 Oxford Street, Garrett Park, MD 20896. He is an owner and officer of Defendant Potomac Restaurant Group, Inc. He exercises control over the operations of Potomac Restaurant Group, Inc. — including its pay practices.

12.      Upon information and belief, Defendant Michael Angelo Colella is the Vice-President of Defendant Potomac Restaurant Group, Inc.

13.      Defendant Enzo Z. Iachetti is an adult resident of Virginia. He resides at 20676 Rainsboro Drive, Ashburn, VA 20147. He is the general manager at Renato's at River Falls. He exercises control over the employees of Potomac Restaurant Group, Inc. — including over its employees' schedules and compensation.

14.      Defendants Potomac Restaurant Group, Inc. owns and operates the restaurant Renato's at River Falls, located at 10120 River Road, Potomac, Maryland, 20854.

**Factual Allegations Specific to Plaintiff Immer Rios**

15.      Plaintiff Immer Rios worked at Renato's at River Falls from approximately 2001 through approximately February 15, 2020.

16.      Plaintiff Immer Rios worked at Renato's at River Falls as a waiter.

17.     Plaintiff Immer Rios' job duties at Renato's at River Falls primarily consisted of setting up the bar and dining tables before the restaurant opened, waiting tables, and serving food and beverages to customers. On Sundays, he typically and customarily both opened and closed the restaurant.

18.     Plaintiff Immer Rios typically and customarily worked six days per week.

19.     Plaintiff Immer Rios typically and customarily worked fifty-one hours per week.

20.     At all relevant times, Defendants paid Plaintiff Immer Rios approximately $252.00 in wages per week.

21.     At all relevant times, Defendants paid Plaintiff Immer Rios for forty hours of work at $4.00 an hour, and for his work on Sundays, an extra $92.00.

22.     At all relevant times, Defendants paid Plaintiff Immer Rios' wages by check.

23.     At all relevant times, Defendants paid Plaintiff Immer Rios' tips in cash.

24.     Plaintiff Immer Rios worked more than forty hours per workweek for Defendants.

25.     Defendants paid Plaintiff Immer Rios the same regular hourly rate across all hours worked.

26.     Defendants did not pay Plaintiff Immer Rios overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

27.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Immer Rios the applicable federal, Maryland, and Montgomery County minimum wages.

28.     Finally, Defendants did not pay Plaintiff Immer Rios any wages for some of his time worked.

29.     Defendants did not pay Plaintiff Immer Rios for his work performed from approximately February 10, 2020, through approximately February 15, 2020.

30.     For Plaintiff Immer Rios' work in the three years preceding the filing of this Complaint, Defendants owe him approximately $62,342.00 in regular, minimum, and overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Jorge Rios

31.     Plaintiff Jorge Rios worked at Renato's at River Falls from approximately 1999 through approximately February 15, 2020.

32.     Plaintiff Jorge Rios worked at Renato's at River Falls as a food runner.

33.     Plaintiff Jorge Rios' job duties at Renato's at River Falls primarily consisted of serving customers their food and beverages, and cleaning and setting up tables.

34.     Plaintiff Jorge Rios typically and customarily worked six days per week.

35.     Plaintiff Jorge Rios typically and customarily worked thirty-three hours per week.

36.     At all relevant times, Defendants paid Plaintiff Jorge Rios $160.00 per week.

37.     At all relevant times, Defendants paid Plaintiff Jorge Rios for forty hours of work at $4.00 per hour.

38.     At all relevant times, Defendants paid Plaintiff Jorge Rios' wages by check.

39.     At all relevant times, Defendants paid Plaintiff Jorge Rios' tips in cash.

40.     Defendants did not pay Plaintiff Jorge Rios the applicable federal, Maryland, and Montgomery County minimum wages.

41.     Finally, Defendants did not pay Plaintiff Jorge Rios any wages for some of his time worked.

42.     Defendants did not pay Plaintiff Jorge Rios for his work performed from approximately February 10, 2020, through approximately February 15, 2020.

43.     For Plaintiff Jorge Rios' work in the three years preceding the filing of this Complaint, Defendants owe him approximately $39,036.25 in regular and minimum wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Jilberto Rios**

44.     Plaintiff Jilberto Rios worked at Renato's at River Falls from approximately 1989 through approximately February 15, 2020.

45.     Plaintiff Jilberto Rios worked at Renato's at River Falls as a kitchen laborer.

46.     Plaintiff Jilberto Rios' job duties at Renato's at River Falls primarily consisted of washing dishes, cutting vegetables, preparing meats, and cleaning the kitchen and bathrooms.

47.     Prior to January 1, 2020, Plaintiff Jilberto Rios typically and customarily six days per week.

48.     Prior to January 1, 2020, Plaintiff Jilberto Rios typically and customarily worked forty-four hours per week.

49.     Starting on January 1, 2020, Plaintiff Jilberto Rios typically and customarily seven days per week.

50.     Starting on January 1, 2020, Plaintiff Jilberto Rios typically and customarily worked sixty-one hours per week.

51.     At all relevant times, Defendants paid Plaintiff Jilberto Rios a biweekly salary.

52.     Defendants paid Plaintiff Jilberto Rios approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
|---|---|---|
| Mar. 27, 2017–Dec. 31, 2019 | $1,212.00 | $13.77 |
| Jan. 01, 2020–Feb. 15, 2020 | $1,328.00 | $10.89 |

53.     At all relevant times, Defendants paid Plaintiff Jilberto Rios by check.

54.     At all relevant times, Plaintiff Jilberto Rios worked more than forty hours per workweek for Defendants.

55.     At all relevant times, Defendants paid Plaintiff Jilberto Rios the same effective hourly rate across all hours worked.

56.     At all relevant times, Defendants did not pay Plaintiff Jilberto Rios overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

57.     In addition to not paying overtime wages, Defendants did not always pay Plaintiff Jilberto Rios the applicable Montgomery County minimum wage.

58.     For Plaintiff Jilberto Rios' work in the three years preceding the filing of this Complaint, Defendants owe him approximately $5,638.80 in minimum and overtime wages (excluding liquidated damages).

## Factual Allegations Common to All Plaintiffs

59.     Defendant Ashley Jeanne Grolig participated in the decision to set the restaurant's hours of operations.

60.     Defendant Ashley Jeanne Grolig participated in the decision to hire Defendant Enzo Z. Iachetti.

61.     Defendant Ashley Jeanne Grolig participated in the decision to fire Plaintiffs.

62.     Defendant Ashley Jeanne Grolig authorized Defendant Enzo Z. Iachetti to fire Plaintiffs.

63.     Defendant Michael Angelo Colella participated in the decision to set the restaurant's hours of operations.

64.     Upon information and belief, Defendant Michael Angelo Colella participated in the decision to hire Defendant Enzo Z. Iachetti.

65.     Defendant Michael Angelo Colella participated in the decision to set Plaintiffs' rate of pay.

66.     Defendant Michael Angelo Colella participated in the decision to fire Plaintiffs.

67.     Defendant Michael Angelo Colella authorized Defendant Enzo Z. Iachetti to fire Plaintiffs.

68.     Defendant Enzo Z. Iachetti set Plaintiffs' work schedules.

69.     Defendant Enzo Z. Iachetti participated in the decisions to set Plaintiffs' rate of pay.

70.     Defendant Enzo Z. Iachetti supervised Plaintiffs' day-to-day work.

71.     Defendant Enzo Z. Iachetti told Plaintiffs that they were fired.

72.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

73.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

74.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

75.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

76.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable federal, Maryland, and Montgomery County minimum wage rates.

77.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

78.     Maryland law requires that employers pay non-exempt employees at least $8.75 per hour from July 1, 2016 through June 30, 2017, $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

79.     For companies with fewer than fifty employees, the Montgomery County minimum wage was $10.75 per hour from July 1, 2016 through June 30, 2017, $11.50 per hour from July 1, 2017 through June 30, 2018, $12.00 per hour from July 1, 2018 through June 30, 2019, and $12.50 per hour from July 1, 2019 through the present. Montgomery County Code, § 27-68.

80.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

81.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

82.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

83.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

84.     At all relevant times, Defendants had employees who handled food products, such as beef, cheese, wine, and vegetables, that had been raised, produced, or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

85.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

86.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

87.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

88.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

89.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

90.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

91.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

92.     Defendants' violations of the FLSA were willful.

93.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

94.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

95.     Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

96.     The MWHL requires that employers pay non-exempt employees at least $8.75 per hour from July 1, 2016 through June 30, 2017, $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

97.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

98.     Defendants violated the MWHL by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

99.     Defendants violated the MWHL by knowingly failing to pay one or more Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

100.    Defendants' violations of the MWHL were willful.

101.    For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE MWPCL**

102.    Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

103.    Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

104.    The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

105.    The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

106.    The "wages" required to be timely paid by the MWPCL include regular, minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

107.    Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including regular, minimum, and overtime wages.

108.   Defendants' violations MWPCL were willful.

109.   For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**325,103.14**, and grant the following relief:

a.   Award Plaintiffs $321,051.14, consisting of the following overlapping elements:

   i.   unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.   unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii.   three times the amount of unpaid regular, minimum, and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.   Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.   Award Plaintiffs reasonable attorney's fees and expenses at (as of this date, approximately $3,652.00);

d.   Award Plaintiffs court costs (currently, $400.00); and

e.   Award any additional relief the Court deems just.

Date: April 12, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*