**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

|  |  |
|---|---|
| IMMER RIOS, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>POTOMAC RESTAURANT GROUP, INC., et al.<br><br>    Defendants. | Case No. 8:20-cv-00939-PX |

**CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiffs move the Court for the entry of an Order approving the Parties' Settlement Agreement, attached to this motion as Exhibit A. Defendants consent to this request.

In support of this motion, the Plaintiffs state the following.

## I.    FACTS

On April 12, 2020, Plaintiffs filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et. seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et. seq.* To be brief, Plaintiffs alleged that Defendants did not pay them minimum and overtime wages while they worked at Defendants' restaurant.

In the interim, among other things: Defendants filed a motion to dismiss, Plaintiffs filed an amended complaint, Defendants filed another motion to dismiss, Plaintiffs filed an opposition, and Defendants filed opposition.

Defendants eventually made an offer of judgment for $6,000.00 dollars to Jilberto Rios, $1,000.00 to Immer Rios, $1,000.00 to Jorge Rios, and $7,500.00 in attorney's fees and costs.

After undersigned counsel presented this offer to Plaintiffs, Plaintiffs accepted the offer, and undersigned counsel filed a notice of acceptance of the offer. Now the parties seek the Court's approval of the offer, effectively memorialized in the attached settlement agreement.

## II.    STANDARD OF REVIEW

Under the FLSA, a private settlement agreement is not valid unless it is either supervised by the United States Department of Labor pursuant to 29 U.S.C. § 216(c) or approved by a Court. *Lynn's Food Stores v. United States*, 679 F.3d 1350, 1353 (11th Cir. 1982). An "FLSA settlement should be approved if the settlement '[reflects] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores*, 679 F.3d at 1354). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Saman c. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D.Md. June 13, 2013) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193. 2015 WL 5897749, at *2 (D.Md. Oct. 5, 2015) (citations omitted).

## III.    ARGUMENT

### A.    *Bona Fide* Dispute

A *bona fide* dispute exists in this case. The parties dispute the core factual issues in the case: how many hours Plaintiffs worked; how much Plaintiffs were paid; and what, if anything, Plaintiffs are owed. In particular, Defendants vehemently disputed that Plaintiffs Immer Rios and Jorge Rios, who were both waiters at Defendants' restaurant, were entitled to anything — as they

2

were paid the required cash wage and received more than enough tips to cover the difference be-

tween their cash wage and the minimum wage.

Therefore, there is a *bona fide* dispute. In light of the expense, time, and risk involved in

litigating this case further, the parties have compromised their claims and defenses.

**B.     Fairness and Reasonableness of the Settlement Agreement**

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settle-

ment using the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings,
> including the complexity, expense and likely duration of the litigation; (3) the ab-
> sence of fraud or collusion in the settlement; (4) the experience of counsel who
> have represented the plaintiffs; (5) the opinions of [] counsel…; and (6) the proba-
> bility of plaintiffs' success on the merits and the amount of the settlement in relation
> to potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310,

2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

First, informal discovery was exchanged between the parties. Counsel had ample time to

review these records and analyze the claims in light of those records. Counsel for both parties have

become familiar with the merits of their respective cases.

Second, this is a complex matter turning on detailed analysis of tip receipts. Given the

factual disputes present in this matter, and the financial hardships facing the restaurant industry

and its workers at the moment, further litigation would consume Defendants' limited financial

resources.

Third, undersigned counsel represents that there is no fraud or collusion in the Settlement

Agreement and Release of Claims. That is evident from the docket in this case. Moreover, "there

is a presumption that no fraud or collusion occurred between counsel, in the absence of any evi-

dence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12.

Fourth and fifth, undersigned counsel are experienced in representing clients in similar matters, and they are of the opinion that the settlement agreement represents a fair and reasonable compromise of the disputes between the parties.

Sixth and finally, undersigned counsel believe that the agreement is fair and reasonable given the probability of success, the size of Plaintiffs' potential recovery, and the current economic challenges facing the restaurant industry and its workers. Under the agreement, the gross amount of $8,000.00 would be paid to Plaintiffs, and $7,500.00 to Plaintiffs' counsel. The settlement will put some much-needed money in Plaintiffs' pockets during an economically disastrous time for the restaurant industry. Given the risks of litigating the case, and the risks of being able to collect even if Plaintiffs were to prevail, Plaintiffs' counsel believes that the settlement at hand is very much in the interests of his client.

Moreover, Plaintiffs have told undersigned counsel — in no uncertain terms — that he is to accept Defendants' offer, and that Plaintiffs would like to put this matter behind them.

### C.    Plaintiffs' Attorney's Fees and Costs Are Reasonable.

Under the proposed settlement agreement, Plaintiffs' counsel will receive $6,720.00 in fees, and Plaintiffs will be reimbursed $780.00 in costs.

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, at *8-9 (quoting *Lane*, 2011 U.S. Dist. LEXIS 97870, at *7).

"In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 U.S. Dist. LEXIS 97870, at *7 (internal citation and quotations

omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros v. WWK Constr., Inc.*, 2015 U.S. Dist. LEXIS 136592, at *10 (citations omitted). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). This Court uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id.* at *10-11 (citations omitted).

In this regard, undersigned counsel for Plaintiffs certifies that:

_____

- Two attorneys at his firm worked on this matter: Justin Zelikovitz and Jonathan Tucker.

- Justin Zelikovitz was admitted to the bar in December 2008, or over 11 years ago. His Appendix B hourly fee range is $225-$350. He has spent approximately 12.7 hours on this matter: 0.8 of these hours on case development, background investigation, and case administration; 9.6 hours on pleadings, other filings, and motions practice; 0.5 hours on settlement negotiations and related activities; and 1.8 hours on post-settlement matters — including the submission of this motion.

- Jonathan Tucker was admitted to the bar in December 2009, or over 10 years ago. His Appendix B hourly fee range is $225–$350. He has spent approximately 11.3 hours on this matter: 6.5 of these hours on case development, background investigation, and case administration; 4.5 hours on pleadings, other filings, and motions practice; and 0.3 hours on settlement negotiations and related activities.

-      Undersigned counsel's firm has spent approximately 12.7 paralegal hours on this matter: 9.1 of these hours on case development, background investigation, and case administration; and 3.6 of these hours on assisting with pleadings, other filings, and motions practice.

-      The $6,720.00 in attorneys' fees results in an effective hourly rate for attorney hours of about $250.00/hour, and an effective hourly rate for paralegal hours of about $125.00/hour.  ($6,720.00 ≈ ($250.00 × 24) + ($125.00 × 12.7).  These rates are well within the ranges set forth by Appendix B — and far below those in the District of Columbia market (where undersigned counsel's firm is based).

-      Undersigned counsel's firm advanced Plaintiffs $780.00 in filing fees and service costs during the prosecution of this matter.

_____

In sum, the fees that Defendants have agreed to pay are reasonable — and a significant discount from the fees that could be reasonably anticipated if this case proceeded any longer. Prolonging this case any further — on these facts and in this economic climate —would only serve to benefit Plaintiffs' and Defendants' counsel at the expense of their clients.

**III.    CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court approve the Settlement Agreement attached as Exhibit A.

Date: October 5, 2020                         Respectfully submitted,

                                              /s/ Justin Zelikovitz
                                              JUSTIN ZELIKOVITZ, #17567
                                              DCWAGELAW
                                              519 H Street NW
                                              Washington, DC 20001
                                              Phone: (202) 803-6083
                                              Fax: (202) 683-6102
                                              justin@dcwagelaw.com

                                              *Counsel for Plaintiffs*