IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IMMER RIOS, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:20-cv-00939-PX |
| POTOMAC RESTAURANT GROUP, INC., *et al.,* | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs Immer Rios, Jorge Rios, and Jilberto Rios's motion to approve settlement with consent of Defendants Potomac Restaurant Group, Inc., Ashley Jeanne Grolig, Michael Angelo Colella, and Oscar Contreras.  ECF No 22.  Plaintiffs filed this action alleging that Defendants failed to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*  ECF Nos. 1 & 8.  For the reasons that follow, the Court GRANTS the parties' motion and approves the settlement.

    **I.**    **BACKGROUND**

Plaintiffs worked as hourly employees in Defendants' restaurant, Renato's at River Falls, in Potomac, Maryland.  ECF No. 8 ¶¶ 1, 14.  According to Plaintiffs, Defendants failed to pay them minimum and overtime wages.  *Id.* ¶ 2.  Plaintiff Immer Rios maintains that he was paid $4.00 per hour for the first 40 hours per week worked, and a $100.00 bonus for the remaining eleven hours per week.  *Id.* ¶¶ 20, 31.  He demands approximately $62,342.00 in unpaid wages.

*Id.*  Plaintiff Jorge Rios was also paid $4.00 per hour, worked thirty-three hours per week on average, and is allegedly owed $39,036.25 in unpaid wages.  *Id.* ¶¶ 36-38, 46.  Plaintiff Jilberto Rios worked sixty-one hours per week beginning in 2020 but was never paid overtime wages and, at times, was paid below Montgomery County's minimum wage.  *Id.* ¶¶ 53-60.  He estimates that he is owed $5,638.80 in unpaid wages.  *Id.* ¶ 61.

Over the course of this action, Defendants filed two motions to dismiss.  ECF Nos. 5 & 14.  As part of their submissions, Defendants provided pay stubs—the accuracy of which Plaintiffs dispute—showing earnings for Plaintiffs Immer and Jorge Rios in excess of $4.00 per hour when accounting for tips earned.[1]  ECF Nos. 5-2; 5-3; 5-4; 14-3; 14-4.  As Defendants rightly point out, federal and state law allow employers to pay their workers the "tipped minimum wage," provided that hourly wage, plus tips earned, equals the minimum wage.  ECF No. 5-1 at 2-3 (citing 29 U.S.C. §§ 203, 206(a)(1)); *see also* ECF No. 20 at 5 (citing Md. Code Ann., Lab. & Empl. § 3-419).  Accordingly, Defendants argue that Plaintiffs Immer and Jorge Rios were lawfully paid a tipped minimum wage, and an overtime wage 1.5 times the tipped minimum wage where applicable.[2]  ECF No. 5-1 at 3-6.  Plaintiffs respond that a "central question" remains as to whether Plaintiffs were properly notified that their tips would be used to offset Defendants' minimum wage obligations, which the FLSA requires before an employer may take advantage of the tipped wage scheme.  ECF No. 20 at 5.

On October 5, 2020, the parties jointly moved for the Court to approve a settlement agreement.  ECF No. 22.  The agreement provides the following settlement amounts: $1,000 to

---

[1] Defendants explain that their billing reflects the tipped minimum wage of $4.00 per hour, as required under Montgomery County law.  ECF No. 5-1 at 4.

[2] Defendants candidly admit that Mr. Jilberto Rios's claims stand on far stronger footing, which is consistent with Jilberto Rios's full recovery of the wages he claims are owed.  *See* ECF No. 5-1 at 8-9.

Plaintiff Immer Rios, $1,000 to Jorge Rio, and $6,000 to Jilberto Rios.  *Id.* at 1-2.  The agreement also provides $7,500 in attorneys' fees and costs.  *Id.*  The Plaintiffs' explained how their attorneys spent their time on the case and their hourly billing rates.  *Id.* at 6–7.  In the agreement, Defendants deny all liability to Plaintiffs.  ECF No. 22-2 at 2.  Finally, the agreement releases all claims, by each party, related to Plaintiffs' employment with Defendants.  *Id.*

## II.     STANDARD OF REVIEW

The FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement.  *See Brooklyn Saw Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  However, Court-approved settlement is an exception to this rule where "the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM 13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

Under the FLSA, a settlement agreement must either be supervised by the United States Department of Labor pursuant to 29 U.S.C. § 216(c) or approved by a Court.  *See Lynn's Food Stores*, 679 F.3d at 1353.  An FLSA settlement should be approved when it reflects a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (citations omitted).  The court considers (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorneys' fees, if included in the agreement.  *See Hackett*, 259 F. Supp. 3d

at 365; *see also Riveros v. WWK Construction, Inc.*, No. PJM 15-193. 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).  The Court addresses each factor in turn.

### III.   ANALYSIS

#### A.  *Bona Fide Dispute*

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the record and the parties' recitals in the proposed settlement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).  Here, the parties "vehemently dispute[]" how many hours Plaintiffs worked, how much they were paid, and what, if anything, they are owed.  ECF No. 22 at 2-3.  With respect to Plaintiffs Imer and Jorge Rios, Defendants previously submitted pay stubs in support of their position that Plaintiffs' wages complied with federal, state, and local law.  ECF No. 22 at 4; ECF No. 5-2; ECF No. 5-3; ECF No. 5-4; ECF No. 14-3; ECF No. 14-4.  To this, Plaintiffs' counsel challenged the authenticity of Defendants' documentary evidence, reaffirmed that the hours worked and wages earned for each employee is a "factual dispute," and acknowledged that a "central question" is whether they were in fact told their tips would be used to offset Defendants' minimum and overtime wage obligations.  ECF No. 20 at 5, 8-9, 14.  The threshold factor of *bona fide* dispute is therefore met.

#### B.  *Fairness and Reasonableness of the Settlement*

Courts evaluate the fairness and reasonableness of a settlement based on six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with

4

the potential recovery.  *See Hackett*, 259 F. Supp. 3d at 365.

The parties' joint settlement agreement is fair and reasonable.  The parties have exchanged informal discovery, which has allowed both sides to become familiar with the merits of their respective cases.  ECF No 22 at 3.  Further, the case is fundamentally a factual dispute (ECF No. 20 at 5, 14), and the parties have represented they would prefer to settle their differences in light of the "expense, time, and risk of litigating this case further," ECF No. 22 at 3.  Both Plaintiffs' and defense counsel are experienced representing litigants in these cases, and the court finds no evidence to suggest that the proposed settlement is a product of fraud or collusion.  *See Lomascolo*, 2009 WL 3094955 at *10.  As to Plaintiffs' potential success on the merits, the Court finds that the varying degrees of success for each plaintiff support finding that the settlement amounts are reflective of the relative merits of each individual's case.[3]  For these reasons, the Court finds this recovery is fair and reasonable.

### C.  Reasonableness of Attorneys' Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Thus, courts are to assess independently the reasonableness of attorney's fees.  *See Kianpour v. Rest. Zone Inc.*, No. DKC 11-0802, 2011 WL 5375082, at *3 (D. Md. Nov. 4, 2011) ("It would make little sense to require the amount of the fees to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case."); *accord Grissom v. The Mills Corp.*, 549

---

[3] Plaintiffs Immer and Jorge Rios, for instance, are each accepting a $1,000 settlement but initially demanded $62,342.00 and $39,036.25 respectively.  ECF No. 8 ¶¶ 20, 31, 36-38, 46.  Defendants' evidence—pay stubs showing earnings beyond $4.00 an hour, and their general averments that Plaintiffs did not work the hours they claim—plausibly account for the discrepancy.  In contrast, Plaintiff Jilberto Rios, who received a "fixed salary" despite working more than 40 hours a week (ECF No. 20 at 15-16), was offered a settlement payment for $6,000, which *exceeds* Rios' initial demand of $5,638.80.  ECF No. 8 ¶ 61.

F.3d 313, 322–23 (4th Cir. 2008).  Courts typically use the lodestar method to measure the reasonableness of the attorneys' fees, *see Johnson v. Heartland Dental, LLC*, No. PJM 16-2154, 2017 WL 2266768, at *4 (D. Md. May 23, 2017), and consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The parties seek $6,720.00 in attorneys' fees and $780 in filing and service costs.  ECF No. 22 at 4.  Two attorneys worked on Plaintiffs' case.  *Id.* at 4-5.  Justin Zelikovitz, who has over eleven years of experience as an attorney, seeks compensation at $250 per hour.  *Id.* at 5.  Mr. Zelikovitz spent 12.7 hours on the case: 9.6 hours on pleadings, .5 hours on settlement negotiations, 1.8 hours on post-settlement matters, and .8 hours on case development, background investigation, and case administration.  *Id.* at 5.  Jonathan Tucker, who has been a practicing attorney for over ten years, also seeks compensation at $250 per hour.  *Id.* at 5–6.  He spent 11.3 hours on the case: 4.5 hours on pleadings and other motions, 6.5 hours on case development, background investigation, and case administration, and .3 hours on settlement negotiations and related activities.  *Id.* at 5.  Plaintiffs' paralegals also spent 12.7 hours on case development, background investigation, case administration, and assisting with motions filing.  *Id.* at 6.  They seek compensation at $125 per hour.  *Id.*

Where counsel represented three plaintiffs in this action, the Court finds that the number of hours spent on case development, background investigation, and case administration is

reasonable, as was the time spent on pleadings and settlement negotiations. The hourly rates are presumptively reasonable under this District's Local Rules, Appendix B. Although the attorneys' fees exceed the amount recovered by each plaintiff, they do not exceed the total amount recovered, and in certain FLSA cases, "attorneys' fees may substantially exceed damages." *Atkins v. Sunbelt Rentals, Inc.*, No. PWG 14-1717, 2016 WL 3647610, at *4 (D. Md. June 30, 2016) (citations omitted). Accordingly, the Court approves the requested amounts in attorneys' fees and costs.

### IV.  CONCLUSION

For the foregoing reasons, the Court grants the parties' motion to approve settlement. A separate order follows.

October 13, 2020_____                     __/S/_____
Date                                                  Paula Xinis
                                                      United States District Judge